436

655 A.2d 1028

NORTHEASTERN BANK OF PENNSYLVANIA

v.

WILKINS, WILKINS INVESTMENT PROPERTIES

Appeal of PNC BANK, N.A., Successor in Interest
of Northeastern Bank of Pennsylvania.

Superior Court of Pennsylvania.

Argued Nov. 17, 1994.

Filed March 16, 1995.

Karen L. Turner, Philadelphia, for appellant.

James V. Fareri, Stroudsburg, for Wilkins, appellee.

Before WIEAND, CIRILLO and TAMILIA, JJ.

WIEAND, Judge:

This appeal is from an order of the trial court which dismissed a petition for a deficiency judgment without fixing the market value of the real estate previously sold at sheriff's sale. After making a careful review of the record and the pertinent provisions of the statute, we conclude that the trial court erred. Therefore, we reverse.

On February 13, 1992, a complaint in confession of judgment in the amount of $290,531.02 was filed against Wilkins, Wilkins Investment Properties, a partnership, (WWIP), by PNC Bank's predecessor, Northeastern Bank of Pennsylvania. In execution on the judgment, the Sheriff of Luzerne County sold premises at 61–63 South Washington Street, Wilkes–Barre, to PNC Bank on July 10, 1992, for $75,000.00. PNC Bank then filed a petition to fix the fair value of the real estate pursuant to the Deficiency Judgment Act, 42 Pa.C.S. § 8103. The petition named as defendants, in addition to WWIP, Michael Wilkins and Douglas Wilkins, two of three partners, as persons who might be liable for a deficiency judgment.[1] The petition asserted that the fair market value of the real estate was $290,000.00. No answer to the petition was filed by the partnership, but Michael and Douglas Wilkins filed a response in which they alleged generally that the real estate was worth more than $290,000.00.

At the hearing on the petition, the defendants offered no testimony as to the fair market value of the real estate. The

---

1. Thomas Wilkins, the third partner, was in bankruptcy and, therefore, was not named as a party in the petition. A settlement was subsequently reached between PNC Bank and Thomas Wilkins, and he is not involved in this appeal.

petitioner offered testimony by a real estate appraiser that he had appraised the real estate on December 10, 1991, and that it had a fair market value of $290,000.00. He said he could not say whether the value of the real estate had increased or decreased prior to the date of the sheriff's sale but that real estate values generally had declined during the interval. The bank also offered evidence that the real estate had been sold in an arms length transaction for $250,000.00 in October, 1992. The trial court dismissed the petition because there was no evidence of the value of the real estate on July 10, 1992, the date of the sheriff's sale.

Although the trial court properly observed that fair market value of the real estate is to be determined on the date of the sheriff's sale, it failed to give proper consideration to the mandate of the legislature which appears at 42 Pa.C.S. § 8103(c). The legislature there provided as follows:

(c) **Action on petition.**—

(1) If no answer is filed within the time prescribed by general rule, or if an answer is filed which does not controvert the allegation of the fair market value of the property as averred in the petition, the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value.

(2) *If an answer is filed controverting the averment in the petition as to the fair market value of the property, but no testimony is produced at the hearing supporting such denial of the fair market value, the court shall determine and fix as the fair market value of the property the amount thereof alleged in the petition to be the fair market value,* and thereupon enter a decree directing the judgment creditor to file release of the debtors, obligors, guarantors or any other persons directly or indirectly liable for the debts, to the extent of the fair value so fixed, whereupon execution may be issued for the balance of the debt.

(3) If an answer is filed alleging as the fair market value an amount in excess of the fair market value of the property as averred in the petition, the judgment creditor may agree to accept as the fair market value of the property the value

set up in the answer and in such case may file a stipulation releasing the debtors, obligors and guarantors, and any other persons liable directly or indirectly for the debt, and the owners of the property affected thereby, from personal liability to the judgment creditor to the extent of the fair market value as averred in the answer, less the amount of any prior liens, costs, taxes and municipal claims not discharged by the sale, and also less the amount of any such items paid at distribution on the sale.

(4) If an answer shall be filed and testimony produced setting forth that the fair market value of the property is more than the value stated in the petition, the court shall determine and fix the fair market value of the property, which shall in no event exceed the amount of the debt, interest, costs, taxes and municipal claims.

After the hearing and the determination by the court of the fair market value of the property sold, the debtor, obligor, guarantor and any other person liable directly or indirectly to the judgment creditor for the payment of the debt shall be released and discharged of such liability to the judgment creditor to the extent of the fair market value of said property as previously agreed to by the judgment creditor or determined by the court, less the amount of all prior liens, costs, taxes and municipal claims not discharged by the sale, and also less the amount of any such items paid at the distribution on the sale, and shall also be released and discharged of such liability to the extent of any amount by which the sale price, less such prior liens, costs, taxes and municipal claims, exceeds the fair market value as agreed to by the judgment creditor or fixed and determined by the court as provided in this subsection, and thereupon the judgment creditor may proceed by appropriate proceedings to collect the balance of the debt. (emphasis added).

The partners produced no evidence at the hearing to support their general averment that the real estate had a value in excess of $290,000.00. Under these circumstances, subsection (2) of 42 Pa.C.S. § 8103(c) directed the court to "determine and fix as the fair market value of the property the amount

thereof alleged in the petition to be the fair market value." This, as we have already observed, was $290,000.00.

At the hearing, only the petitioning bank offered evidence of the real estate's fair market value. Its evidence was that the fair market value of the real estate had been $290,000.00 on December 10, 1991, that real estate values generally had declined thereafter, and that the real estate had been sold in October, 1992, for $250,000.00. This evidence was probative even though it did not pinpoint a value specific to the date of the sheriff's sale. It was on the basis of this information that PNC Bank, the petitioner, alleged a fair market value of $290,000.00.

When the trial court, on the basis of the foregoing record, refused to determine and fix the fair market value of the real estate and dismissed the petition, it erred. It erred by failing to follow the statutory mandate. That mandate was to fix the fair market value at $290,000.00. There was no basis in the evidence presented by the petitioner that would preclude such a determination. Moreover, a value of $290,000.00, rather than a lesser amount, would have been an interpretation of the evidence most favorable to the judgment debtor.

The order of the trial court is reversed. The fair market value of the real estate is determined and fixed at $290,000.00; and the case is remanded to the trial court for further proceedings in accordance with the statute. Jurisdiction is not retained meanwhile.